The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAYLOR ASHLEY PARKER-DIPEPPE,

    Defendant.

No. CR20-032JCC

**RESPONSE TO DEFENDANT'S MOTION TO PROCEED WITH GUILTY PLEA HEARING BY TELECONFERENCE**

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this response to the defendant's motion to proceed with a guilty plea hearing by teleconference. As set forth below, the defendant has set forth sufficient grounds for the Court to take the guilty plea remotely.

### I. BACKGROUND

The defendant is currently charged with multiple crimes stemming from the defendant's involvement in a scheme to mail and/or deliver threatening posters to journalists and advocates, particularly Jews and other minorities. The parties have reached a tentative agreement to resolve the case. Parker-Dipeppe is expected to plead

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Parker-Dipeppe*, No. CR20-032JCC - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

guilty to Count 1 of the Superseding Indictment, which charges Conspiracy, in violation of Title 18, United States Code, Section 371.  Under the agreement, the parties will be free to recommend any sentence.

By successive general orders of the Court, the Seattle courthouse is currently closed.  The defendant now asks this Court to set a hearing—which all parties would attend remotely—so that the defendant can enter plea of guilty.

## II.   APPLICABLE LAW

The Federal Rules of Criminal Procedure make no provision for a defendant to enter a guilty plea except while present in open court.  Although some of the rules permit certain hearings to take place by video teleconferencing, entry of a guilty plea to a felony offense is not among them. *See* Fed. R. Crim. P. 5(f) (permitting initial appearance by video if the defendant consents); Fed. R. Crim. P. 10(c) (permitting arraignment by video if the defendant consents); Fed. R. Crim. P. 43 (permitting, *inter alia*, arraignment, plea, trial, and sentencing by video in misdemeanor cases if the defendant consents).  Further, Rule 11 requires the court accepting the defendant's guilty plea to personally address the defendant in open court. Fed. R. Crim. P. 11(b)(1), (2).

In light of the COVID-19 pandemic and public health crisis, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  That statute provides that certain criminal proceedings may occur by video teleconferencing during the coronavirus national emergency. CARES Act, § 15002.  Specifically, the legislation permits a guilty plea in a felony case to be entered via video teleconference if a number of conditions are met.

First, the Judicial Conference of the United States must find that the coronavirus emergency will materially affect the functioning of the federal courts generally or a particular court.  CARES Act, § 15002(b)(2)(A).  It has done so.  *See* "Judiciary

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Parker-Dipeppe*, No. CR20-032JCC - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Authorizes Video/Audio Access During COVID-19 Pandemic," Administrative Office of the United States Courts (published March 31, 2020).[1]

Second, the chief district judge of the affected district must specifically find that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety." CARES Act, § 15002(b)(2)(A).  Chief Judge Martinez has done so.  GO 09-20 (June 25, 2020).

Third, the district judge in the particular case must find "for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice."  CARES Act, § 15002(b)(2)(A); *see also* GO 04-20.  In the defense motion, the defendant outlines the serious risks of flying from Florida, where the defendant currently lives.  The defendant also mentions wanting to move on with life, and avoid the need for multiple continuances, given the courthouse remains closed.  These grounds are adequate for the Court to conclude that delaying entry of plea would result in the requisite "serious harm to the interests of justice" under the CARES Act.

Finally, conducting a hearing by video teleconferencing "may only take place with the consent of the defendant."  CARES Act, § 15002(b)(4); *see also* GO 04-20.  That consent should be articulated on the record, although it need not be in writing. GO 04-20. It appears that the defendant will consent.

In addition to proceeding by video teleconference, entry of a guilty plea by telephone conference instead is also authorized if an additional criterion is met: "video teleconferencing is not reasonably available." CARES Act, § 15002(b)(2)(A).  Video teleconferencing is available in this court, and has been successfully used for a number of hearings over the last couple of months.  The defendant can attend via video (using the WebEx platform) at the same time as Mr. Mazzone, the defendant's attorney.  A separate

---

[1] This material is available at https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Parker-Dipeppe*, No. CR20-032JCC - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  line can be established to allow the defendant and Mr. Mazzone to confer during the
2  hearing.

### III. CONCLUSION

If this Court finds that delaying entry of the defendant's guilty plea in this case cannot be further delayed without serious harm to the interests of justice, the government respectfully requests that the Court make a record of that finding, either in writing if the matter is referred to a magistrate judge for entry of the plea, or orally during the hearing if this Court intends to take the plea. The government also respectfully requests that, at the beginning of the plea hearing, the judicial officer personally address the defendant to confirm that the remote hearing is held with consent. Finally, because video teleconferencing is available in this district, the government requests that any such hearing occur by video instead of only by telephone.

Dated this 25th day of August, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

s/ *Thomas M. Woods*
THOMAS M. WOODS
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Email: Thomas.Woods2@usdoj.gov

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Parker-Dipeppe*, No. CR20-032JCC - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970