THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR ASHLEY PARKER-DIPEPPE,<br><br>Defendant. | CASE NO. CR20-0032-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's Motion to Proceed With Guilty Plea Hearing by Teleconferencing (Dkt. No. 108). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion, in part, for the reasons explained herein.

## I.  BACKGROUND

Defendant pled not guilty to the following crimes: conspiracy to mail threatening communications and to commit cyberstalking; conspiracy to mail threatening communications, to commit stalking, and to interfere with federally protected activities; mailing threatening communications; and interference with federally protected activity. (*See generally* Dkt. Nos. 94, 105.) Defendant now moves for a change of plea hearing and to proceed with the hearing via "video or telephonic" means. (Dkt. No. 108 at 1.) The Government acquiesces but seeks a hearing solely by video teleconference. (Dkt. No. 110 at 4.)

## II. DISCUSSION

On March 30, 2020, Chief Judge Ricardo S. Martinez issued General Order 04-20, which states in relevant part:

> The use of video conferencing or telephone conferencing for felony pleas under Fed. R. Crim. P. 11 and felony sentencings under Fed. R. Crim. P. 32 is hereby authorized provided that the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice. In cases that can be further delayed without such harm, the district judge should instead continue the sentencing or trial date.

W.D. Wash., General Order 04-20 at 2–3 (Mar. 30, 2020); *see* W.D. Wash., General Order 13-20 at 2 (Sept. 4, 2020) (continuing General Order 04-20 through October 5, 2020).

Defendant is in pre-trial release in Florida. (*See* Dkt. No. 108 at 2–3.) He and the Government have reached an agreement to resolve the case, requiring Defendant to plead guilty to one count of the Superseding Indictment. (*See id.* at 1; Dkt. No. 110 at 1–2.) Defendant asserts that he would like to move forward and that further delay would cause serious harm to the interests of justice. (*See generally* Dkt. No. 108.) Defendant further cites the travel dangers from COVID-19, particularly in light of his underlying medical conditions, in support of conducting a remote hearing. (*See id.* at 2–3.) He also notes that the cost of travel between Seattle and Florida would create an undue hardship. (*Id.*) The Government agrees that "[t]hese grounds are adequate for the Court to conclude that delaying entry of [Defendant's] plea would result in the requisite 'serious harm to the interests of justice.'" (Dkt. No. 110 at 3.)

On this record, the Court FINDS that Defendant's plea hearing "cannot be further delayed without serious harm to the interests of justice." W.D. Wash., General Order 04-20 at 2–3 (Mar. 30, 2020). Further, the Court FINDS that video teleconference is readily available in this district, using the WebEx platform, and should be utilized consistent with General Order 04-20 and Section 15002(b)(2)(A) of the CARES Act.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for a change of plea hearing and to

1 proceed with his change of plea hearing via video or teleconference (Dkt. No. 108) is
2 GRANTED in part. The Court ORDERS that Defendant's change of plea hearing be conducted
3 by video teleconference and REFERS this matter to the on-duty criminal magistrate judge of the
4 Western District of Washington for the purposes of scheduling and conducting this hearing.
5     DATED this 10th day of September 2020.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE