1

2

3

4

5

6

7

8

9

10

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11 | UNITED STATES OF AMERICA,

12 | Plaintiff,

13 | v.

14 | TAYLOR ASHLEY PARKER-DIPEPPE,

15 | Defendant.

16

17

NO. CR20-032JCC

**PLEA AGREEMENT**

18        The United States of America, by and through Brian T. Moran, United States

19 Attorney for the Western District of Washington, and Thomas M. Woods, Assistant

20 United States Attorney for said District, Defendant TAYLOR ASHLEY PARKER-

21 DIPEPPE and Defendant's attorney Peter Mazzone, enter into the following Agreement,

22 pursuant to Federal Rule of Criminal Procedure Rule 11(c).

23        1.    **The Charge.**  Defendant, having been advised of the right to have this

24 matter tried before a jury, agrees to waive that right and enters a plea of guilty to the

25 following charge contained in the Superseding Indictment:

26        a.    Conspiracy to Mail Threatening Communications, to Commit

27 Cyberstalking, and to Interfere with Federally Protected Activities, in violation of Title

28 18, United States Code, Section 371.

Plea Agreement - 1
*United States v. Parker-Dipeppe*, CR20-032JCC

1    By entering this plea of guilty, Defendant hereby waives all objections to the form

2  of the charging document.  Defendant further understands that before entering any guilty

3  pleas, Defendant will be placed under oath.  Any statement given by Defendant under

4  oath may be used by the United States in a prosecution for perjury or false statement.

5    2.    **Elements of the Offense**.  The elements of the offense to which Defendant

6  is pleading guilty are as follows:

7    First, there was an agreement between two or more persons to commit at

8  least one crime as charged in the superseding indictment;

9    Second, the defendant became a member of the conspiracy knowing of at

10  least one of its objects and intending to help accomplish it;

11    Third, one of the members of the conspiracy performed at least one overt

12  act for the purpose of carrying out the conspiracy.

13    **First Object of the Conspiracy**

14    The elements of the first object of the conspiracy, Mailing Threatening

15  Communications, in violation of Title 18, United States Code, Section 876, are as

16  follows:

17    First, the defendant knowingly mailed or arranged to have mailed a letter

18  addressed to a person containing a threat to injure the person;

19    Second, such letter was transmitted for the purpose of issuing a threat, or

20  with knowledge that the letter would be viewed as a threat.

21    **Second Object of the Conspiracy**

22    The elements of the second object of the conspiracy, Cyberstalking, in

23  violation of Title 18, United States Code, Section 2261A are as follows:

24    First, the defendant acted with the intent to kill, injure, harass, intimidate,

25  or place under surveillance with intent to kill, injure, harass, or intimidate another person;

26    Second, the defendant used the mail, any interactive computer service,

27

28

Plea Agreement - 2
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1  electronic communication service, electronic communication system of interstate

2  commerce, or any other facility of interstate or foreign commerce to engage in a course of

3  conduct that;

4      Third, created a reasonable fear of the death of or serious bodily injury to the

5  person, or caused, attempted to cause, or would be reasonably expected to cause

6  substantial emotional distress to the person.

7      **Third Object of the Conspiracy**

8      The elements of the third object of the conspiracy, Interference with Federally

9  Protected Activity, in violation of Title 18, United States Code, Section 245, are as

10  follows:

11      First, the defendant threatened force;

12      Second, the defendant willfully intimidated or interfered with a person or

13  attempted to do so;

14      Third, the defendant did so because of that person's religion;

15      Fourth, the defendant acted because that person enjoying private employment;

16      Fifth, the defendant threatened a dangerous weapon, explosives, or fire.

17      3.    **The Penalties**. Defendant understands that the statutory penalties

18  applicable to the offense to which Defendant is pleading guilty are as follows:

19          a.    For the offense of Conspiracy, as charged in Count 1:  A maximum

20  term of imprisonment of up to 5 years, a fine of up to $250,000, a period of supervision

21  following release from prison of up to 3 years, and a mandatory special assessment of

22  $100 dollars.  If a probationary sentence is imposed, the probation period can be for up to

23  five years.

24      Defendant understands that supervised release is a period of time following

25  imprisonment during which Defendant will be subject to certain restrictive conditions and

26  requirements.  Defendant further understands that, if supervised release is imposed and

27  Defendant violates one or more of the conditions or requirements, Defendant could be

28  returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 3
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1   imposed.  This could result in Defendant serving a total term of imprisonment greater

2   than the statutory maximum stated above.

3          Defendant understands that as a part of any sentence, in addition to any term of

4   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

5   restitution to any victim of the offense, as required by law.

6          Defendant further understands that the consequences of pleading guilty may

7   include the forfeiture of certain property, either as a part of the sentence imposed by the

8   Court, or as a result of civil judicial or administrative process.

9          Defendant agrees that any monetary penalty the Court imposes, including the

10  special assessment, fine, costs, or restitution, is due and payable immediately and further

11  agrees to submit a completed Financial Statement of Debtor form as requested by the

12  United States Attorney's Office.

13          4.      **Rights Waived by Pleading Guilty.**  Defendant understands that by

14  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

15          a.      The right to plead not guilty and to persist in a plea of not guilty;

16          b.      The right to a speedy and public trial before a jury of Defendant's

17                  peers;

18          c.      The right to the effective assistance of counsel at trial, including, if

19                  Defendant could not afford an attorney, the right to have the Court

20                  appoint one for Defendant;

21          d.      The right to be presumed innocent until guilt has been established

22                  beyond a reasonable doubt at trial;

23          e.      The right to confront and cross-examine witnesses against Defendant

24                  at trial;

25          f.      The right to compel or subpoena witnesses to appear on Defendant's

26                  behalf at trial;

27          g.      The right to testify or to remain silent at trial, at which trial such

28                  silence could not be used against Defendant; and

Plea Agreement - 4
*United States v. Parker-Dipeppe*, CR20-032JCC

1     h.  The right to appeal a finding of guilt or any pretrial rulings.

2    5.  **United States Sentencing Guidelines**.  Defendant understands and

3 acknowledges that the Court must consider the sentencing range calculated under the

4 United States Sentencing Guidelines and possible departures under the Sentencing

5 Guidelines together with the other factors set forth in Title 18, United States Code,

6 Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the

7 history and characteristics of Defendant; (3) the need for the sentence to reflect the

8 seriousness of the offenses, to promote respect for the law, and to provide just

9 punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

10 criminal conduct; (5) the need for the sentence to protect the public from further crimes

11 of Defendant; (6) the need to provide Defendant with educational and vocational training,

12 medical care, or other correctional treatment in the most effective manner; (7) the kinds

13 of sentences available; (8) the need to provide restitution to victims; and (9) the need to

14 avoid unwarranted sentence disparity among defendants involved in similar conduct who

15 have similar records.  Accordingly, Defendant understands and acknowledges that:

16     a.  The Court will determine Defendant's Sentencing Guidelines range

17 at the time of sentencing;

18     b.  After consideration of the Sentencing Guidelines and the factors in

19 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

20 maximum term authorized by law;

21     c.  The Court is not bound by any recommendation regarding the

22 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

23 range offered by the parties or the United States Probation Department, or by any

24 stipulations or agreements between the parties in this Plea Agreement; and

25     d.  Defendant may not withdraw a guilty plea solely because of the

26 sentence imposed by the Court.

27    6.  **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

28 guaranteed what sentence the Court will impose.

Plea Agreement - 5
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1    7.    **Statement of Facts**.  The parties agree on the following facts.  Defendant

2   admits Defendant is guilty of the charged offenses:

3        a.    In or about November 2019, Cameron Shea, using the moniker

4   Krokodil, participated in a private Wire chat group titled, Operation Erste Säule.  Shea

5   was a member of Atomwaffen Division ("AWD").  Shea invited fellow AWD members

6   to this chat group, including TAYLOR ASHLEY PARKER-DIPEPPE, who used the

7   moniker "Azazel," to collaborate and coordinate an effort to deliver threatening messages

8   to journalists' homes and other places.  Shea described the Operation in a message to the

9   chat group: "*We're coordinating this nation wide Operation called Operation Erste*

10  *Säule, named after the first pillar of stat[e] power, AKA the media. We will be postering*

11  *journalists houses and media buildings to send a clear message that we too have leverage*

12  *over them . . . The goal, of course, is to erode the media/states air of legitimacy by*

13  *showing people that they have names and addresses, and hopefully embolden others to*

14  *act as well*."  Shea organized the operation with Kaleb Cole, a fellow AWD member,

15  largely using an online encrypted chat service, over a period of months.

16       b.    As part of the operation, each participant was directed to identify,

17  research, and locate journalists in their area.  Johnny Garza reported to the group that he

18  had found "*a leader of an 'association of black journalists'*" in Arizona.  Other members

19  of the conspiracy reported that they had located certain Jews to target.  Shea stated that

20  the identification of these targets was "*Excellent work!*" and "*Outstanding.*"  Similarly,

21  Cole said "*NICE WORK*" when he learned that one of the co-conspirators had found the

22  addresses for three Jewish journalists.

23       c.    On or about December 11, 2019, Shea explained to the group that he

24  wanted to coordinate the operation on the same night so journalists would be caught off

25  guard, and to accomplish an effective "*show of force, demonstrating we are capable of*

26  *massive coordination.*"  Johnny Garza said that the intended impact of the coordinated

27  operation was to "*have them all wake up one morning and find themselves terrorized by*

28  *targeted propaganda.*"

Plea Agreement - 6
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1       d. On or about December 7, 2020, the co-conspirators discussed the

2    potential security risks of the operation.  The co-conspirators discussed using disguises,

3    conducting the operation at night, and the need to avoid cameras.  PARKER-DIPEPPE

4    added: "*Be very cautious of the surrounding and use google maps if possible to search*

5    *around.*"

6       e. On or about January 6, 2020, the coconspirators again coordinated

7    the operation and exchanged opinions about whether to conduct the operation entirely via

8    the mail, rather than in person.  PARKER-DIPEPPE told the group that he thought

9    mailing the posters was "*not a bad idea,*" given the security concerns, but that he "*like[d]*

10   *the dangerous side more.*"   He stated that he "*agreed*" with the comment made by a

11   fellow co-conspirator that "*if we want to send a message it would look better*" if the

12   posters were delivered in person" because mailing posters "*doesn't send a bigger and*

13   *greater message then [sic] actually putting up a poster at someone's house.*"  Ultimately,

14   the coconspirators decided to stay with "*boots on the ground*" at some locations, while

15   mailing the threatening posters to the riskier target locations.

16      f. Kaleb Cole helped create and distribute the posters, which included

17   the following three posters below.  Under the poster design, the victim's personal

18   information, such as their home address, was to be placed in the box at the bottom.

Plea Agreement - 7
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25







26      g.      On January 24 and 25, 2020, PARKER-DIPEPPE and another

27 individual visited a Goodwill to purchase disguises to be used in the operation.  On

28 January 25, 2020, the two affixed the "We Are Watching" poster to the bedroom window

Plea Agreement - 8
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1  of the residence.  The poster contained the name and home address of a Florida news

2  reporter who was born and raised in Puerto Rico.  PARKER-DIPEPPE and the other

3  individual had the wrong address as the reporter did not live at the address where they left

4  the poster.  Rather, a black woman lived at the residence with her father and minor child.

5  The woman saw the poster that PARKER-DIPEPPE and the other individual had left.

6          h.       On the same day, co-conspirators either mailed or delivered other

7  posters to other victims in Washington State and Arizona.

8          i.       The parties agree that the Court may consider additional facts

9  contained in the Presentence Report (subject to standard objections by the parties) and/or

10  that may be presented by the United States or Defendant at the time of sentencing, and

11  that the factual statement contained herein is not intended to limit the facts that the parties

12  may present to the Court at the time of sentencing.

13      8.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes

14  Defendant qualifies for a downward adjustment acceptance for acceptance of

15  responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

16  greater, the United States will make the motion necessary to permit the Court to decrease

17  the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because

18  Defendant has assisted the United States by timely notifying the United States of

19  Defendant's intention to plead guilty, thereby permitting the United States to avoid

20  preparing for trial and permitting the Court to allocate its resources efficiently.

21      9.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

22  the United States Attorney's Office for the Western District of Washington agrees not to

23  prosecute Defendant for any additional offenses known to it as of the time of this Plea

24  Agreement based upon evidence in its possession at this time, and that arise out of the

25  conduct giving rise to this investigation, and moves to dismiss the remaining counts in

26  the Superseding Indictment at the time of sentencing.  In this regard, Defendant

27  recognizes the United States has agreed not to prosecute all of the criminal charges the

28  evidence establishes were committed by Defendant solely because of the promises made

Plea Agreement - 9
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1  by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of

2  preparing the Presentence Report, the United States Attorney's Office will provide the

3  United States Probation Office with evidence of all conduct committed by Defendant.

4  Defendant agrees that any charges to be dismissed before or at the time of

5  sentencing were substantially justified in light of the evidence available to the United

6  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

7  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

8  (1997).

9  10.  **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

10  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

11  Agreement and Defendant may be prosecuted for all offenses for which the United States

12  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

13  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

14  Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

15  Defendant has waived any objection to the re-institution of any charges that previously

16  were dismissed or any additional charges that had not been prosecuted.

17  Defendant further understands that if, after the date of this Agreement, Defendant

18  should engage in illegal conduct, or conduct that violates any conditions of release or the

19  conditions of confinement (examples of which include, but are not limited to, obstruction

20  of justice, failure to appear for a court proceeding, criminal conduct while pending

21  sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

22  Probation Officer, or Court), the United States is free under this Plea Agreement to file

23  additional charges against Defendant or to seek a sentence that takes such conduct into

24  consideration by requesting the Court to apply additional adjustments or enhancements in

25  its Sentencing Guidelines calculations in order to increase the applicable advisory

26  Guidelines range, and/or by seeking an upward departure or variance from the calculated

27  advisory Guidelines range.  Under these circumstances, the United States is free to seek

28

Plea Agreement - 10
*United States v. Parker-Dipeppe*, CR20-032JCC

1   such adjustments, enhancements, departures, and/or variances even if otherwise

2   precluded by the terms of the Plea Agreement.

3         11.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

4   Defendant acknowledges that, by entering the guilty plea(s) required by this plea

5   agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

6   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

7   judgment of conviction.  Defendant further agrees that, provided the Court imposes a

8   custodial sentence that is within or below the Sentencing Guidelines range (or the

9   statutory mandatory minimum, if greater than the Guidelines range) as determined by the

10  Court at the time of sentencing, Defendant waives to the full extent of the law:

11        a.    Any right conferred by Title 18, United States Code, Section 3742,

12  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

13  restitution order, probation or supervised release conditions, or forfeiture order (if

14  applicable); and

15        b.    Any right to bring a collateral attack against the conviction and

16  sentence, including any restitution order imposed, except as it may relate to the

17  effectiveness of legal representation; and

18      This waiver does not preclude Defendant from bringing an appropriate motion

19  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

20  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

21      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

22  attacking (except as to effectiveness of legal representation) the conviction or sentence in

23  any way, the United States may prosecute Defendant for any counts, including those with

24  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

25  Agreement.

26        12.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

27  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

28

Plea Agreement - 11
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

2  Agreement or set forth on the record at the change of plea hearing in this matter.

3       13.    **Statute of Limitations.**  In the event this Plea Agreement is not accepted

4  by the Court for any reason, or Defendant breaches any of the terms of this Plea

5  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

6  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

7  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

8  of the Plea Agreement by Defendant is discovered by the United States Attorney's

9  Office.

10      14.    **Completeness of Agreement.**  The United States and Defendant

11  acknowledge that these terms constitute the entire Plea Agreement between the parties,

12  except as may be set forth on the record at the change of plea hearing in this matter.  This

13  Agreement binds only the United States Attorney's Office for the Western District of

14  Washington.  It does not bind any other United States Attorney's Office or any other

15  office or agency of the United States, or any state or local prosecutor.

16      Dated this ___21st___ day of  September, 2020.

17

18      _____

19      TAYLOR ASHLEY PARKER-DIPEPPE
        Defendant

20

21      _____

22      PETER MAZZONE
        Attorney for Parker-Dipeppe

23

        /s Todd Greenberg
24      _____

25      TODD GREENBERG
        Assistant United States Attorney

26

27      _____

28      THOMAS M. WOODS
        Assistant United States Attorney

Plea Agreement - 12
*United States v. Parker-Dipeppe*, CR20-032JCC