THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TAYLOR ASHLEY PARKER-DIPEPPE,<br><br>  Defendant. | CASE NO. CR20-0032-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's unopposed motions to proceed with sentencing by video and to seal an appendix to Defendant's sentencing memorandum (Dkt. Nos. 153, 156.) Having thoroughly considered the motions and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

Defendant was charged by indictment and pleaded guilty on September 21, 2020 to conspiracy to mail threatening communications and to commit cyberstalking. (Dkt. Nos. 16, 122, 128.) Sentencing is scheduled for March 10, 2021. (Dkt. No. 158.) By order of Chief Judge Ricardo S. Martinez, all criminal in-person hearings scheduled to occur before March 31, 2021, have been continued. *See* W.D. Wash., General Order No. 18-20 at 2 (Dec. 30, 2020). Defendant wishes to proceed with the scheduled sentencing by videoconference and indicates that a further delay would cause serious harm to the interests of justice. (Dkt. No. 153 at 2.) Specifically, Defendant would like to resolve the legal proceedings as soon as possible to allow Defendant to

move on with his life. (*Id.*)

Because of the health risks posed by the COVID-19 pandemic, the Court may conduct a felony sentencing hearing by video conference if the Court finds that the hearing cannot be further delayed without serious harm to the interests of justice. *See* W.D. Wash., General Order No. 17-20 (Dec. 23, 2020), 04-20 (Mar. 30, 2020). Defendant has a strong interest in the speedy resolution of this matter, but in-person proceedings are unlikely to resume until at least March 31, 2021. W.D. Wash., General Order No. 18-20 (Dec. 30, 2020). Absent a remote proceeding, Defendant cannot be sentenced as scheduled, despite entering a guilty plea months ago. Taking into account these circumstances, and Defendant's stated desire to move forward with sentencing now, the Court FINDS that sentencing cannot be further delayed without serious harm to the interests of justice. Accordingly, Defendant's motion to proceed via video is GRANTED.

Defendant also moves (Dkt. No. 156) to maintain an appendix (Dkt. No. 157) to Defendant's sentencing memorandum under seal. The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court need not decide whether Defendant's motion to seal is a dispositive motion, as the Court FINDS that Defendant has a compelling interest in maintaining the appendix under seal and that interest outweighs the public's interest in its disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). Accordingly, Defendant's motion to seal is GRANTED.

For the foregoing reasons, the Court GRANTS Defendant's motions to proceed with sentencing by video conference and to seal (Dkt. Nos. 153, 156). The Clerk is DIRECTED to maintain Docket Number 157 under seal.

DATED this 11th day of February 2021.

                                               John C. Coughenour
                                               UNITED STATES DISTRICT JUDGE