The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR20-032JCC |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| TAYLOR ASHLEY PARKER-DIPEPPE, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this memorandum in connection with Parker-Dipeppe's upcoming sentencing.

## INTRODUCTION

Parker-Dipeppe was a willing and active member of a plot to target journalists and activists, particularly those who were Jews and other minorities. In the middle of the night, the members of the plot affixed to the victims' homes frightening posters that included threats of violence. Some of the posters were also mailed to the individuals at their homes. As one co-conspirator put it, the plot was designed to "*have them all wake up one morning and find themselves terrorized by targeted propaganda.*" In addition to

Government's Sentencing Memorandum - 1
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

helping to coordinate the operation and researching targets, Parker-Dipeppe helped affix a poster to the *bedroom window* of a home that he mistakenly thought belonged to a reporter who was born and raised in Puerto Rico.  In fact, the home belonged to a Black woman who shared the residence with her father and her child.

The defendant was not one of the leaders of this plot and is clearly a troubled person.  Nonetheless, a significant sentence is warranted to account for the seriousness of the offense.  The harm that Parker-Dipeppe caused--although not easy to quantify--was immense.  The defendant instilled terror in his victims and contributed to the wide sense of fear and unease that many groups in this country understandably feel.  Parker-Dipeppe made victims feel unsafe in their own homes—at a time when most people have been largely confined to home because of the pandemic.

The Court should sentence Parker-Dipeppe to 16 months in prison, the same sentence the Court imposed as to Johnny Garza, whose conduct and role in the offense was comparable to Parker-Dipeppe.  The Court also should impose three years of supervised release.  The defendant does not have the ability to pay a fine, and none should be imposed.

## BACKGROUND

In November 2019, Cameron Shea, using the moniker Krokodil, participated in a private Wire chat group titled, Operation Erste Säule.  Plea Agreement ¶ 7(a).  Shea was a member of Atomwaffen Division ("AWD"), a white supremacist group that has been responsible for several acts of violence, and for promoting hate against Jews and other minorities.  *Id.*  Shea invited fellow AWD members to this chat group, including Parker-Dipeppe, to collaborate and coordinate an effort to deliver threatening messages to journalists' homes and other places.  *Id.*  Shea described the Operation in a message to the chat group: "*We're coordinating this nation wide Operation called Operation Erste Säule, named after the first pillar of stat[e] power, AKA the media. We will be postering journalists houses and media buildings to send a clear message that we too have leverage over them . . . The goal, of course, is to erode the media/states air of legitimacy by*

Government's Sentencing Memorandum - 2
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

*showing people that they have names and addresses, and hopefully embolden others to act as well." Id.*

As part of the operation, each participant was directed to identify, research, and locate journalists in their area. *Id.* ¶ 7(b). On or about December 11, 2019, Shea explained to the group that he wanted to coordinate the operation on the same night, so journalists would be caught off guard, and to accomplish an effective "*show of force, demonstrating we are capable of massive coordination.*" *Id.* ¶ 7(c).

On or about January 6, 2020, the coconspirators again coordinated the operation and exchanged opinions about whether to conduct the operation entirely via the mail, rather than in person. *Id.* ¶ 7(d). Parker-Dipeppe, using the moniker "Azazel," expressed a preference for delivering the posters in person:



Parker Dipeppe stated that he "*agreed*" with the comment made by a fellow co-conspirator that "*if we want to send a message it would look better*" if the posters were delivered in person" because mailing posters "*doesn't send a bigger and greater message*

Government's Sentencing Memorandum - 3
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

*then [sic] actually putting up a poster at someone's house.*" *Id.* Ultimately, the coconspirators decided to stay with "*boots on the ground*" at some locations, while mailing the threatening posters to the riskier target locations. *Id.*

Kaleb Cole helped create and distribute the posters, which included the following three posters below. Under the poster design, the victim's personal information, such as their home address, was to be placed in the box at the bottom:





Government's Sentencing Memorandum - 4
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

On January 24 and 25, 2020, Parker-Dipeppe and another individual visited a Goodwill to purchase disguises to be used in the operation. *Id.* ¶ 7(g). On January 25, 2020, the two affixed the "We Are Watching" poster to the bedroom window of the residence. *Id.* The poster contained the name and home address of a Florida news reporter who was born and raised in Puerto Rico. *Id.* Parker-Dipeppe and the other individual had the wrong address as the reporter did not live at the address where they left the poster. Rather, a Black woman lived at the residence with her father and minor child. *Id.* The woman saw the poster that Parker-Dipeppe and the other individual had left. *Id.* On the same day, co-conspirators either mailed or delivered other posters to other victims in Washington State and Arizona. *Id.* ¶ 7(h).

On February 26, 2020, agents executed a search warrant at Parker-Dipeppe's residence. Agents recovered a trove of Nazi and white-supremacist material.

## PLEA AGREEMENT

Parker-Dipeppe pleaded guilty in a timely fashion to Count 1 of the Superseding Indictment, which charges him with Conspiracy to Mail Threatening Communications, to Commit Cyberstalking, and to Interfere with Federally Protected Activities, in violation of Title 18, United States Code, Section 371. The plea agreement contains no agreements as to the Sentencing Guidelines or sentencing recommendations. The plea agreement also does not contain a waiver of appeal.

## SENTENCING GUIDELINES

There does not appear to be any dispute as to the Sentencing Guidelines. The total offense level scores as follows:

| | |
|---|---|
| Base (2A6.2) | 18 |
| Threatened use of a dangerous weapon, *i.e.*, a Molotov cocktail (2A6.2(b)(1)) | +2 |
| Hate crime motivation (3A1.1) | +3 |
| Acceptance of responsibility | -3 |

Government's Sentencing Memorandum - 5
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

| | |
|---|---|
| Total: | 20 |

Parker-Dipeppe does not have any scored criminal convictions, and thus is category I. His range is therefore 33-41 months.

## SECTION 3553 ANALYSIS

Parker-Dipeppe deliberately targeted Jews and other minorities with the goal of instilling fear. Parker-Dipeppe did not simply "put up a poster." Rather, the defendant wanted the victims to feel unsafe in their own homes. The defendant exploited the fear that many Jews, Blacks, and other minorities feel. The defendant knew that the victims of this plot did not have the liberty of treating the posters as an empty threat—not when the news is full of horrible event after event, whether it be the Pittsburgh synagogue shooting, the El Paso Walmart rampage, or the Charleston church massacre. And that fear was not limited to the specific individuals and their families who received posters. As Parker-Dipeppe well knew, it was felt by their fellow community members, both locally and nationally.

The government appreciates that Parker-Dipeppe had an extremely troubled upbringing and is dealing with very difficult issues. The government is mindful that Parker-Dipeppe undoubtedly was drawn to AWD out of some misplaced notion of seeking community, given the defendant's chaotic upbringing. But the harm that the defendant did cannot be easily undone or forgiven. And the government is mindful that the defendant did not act rashly—this plot unfolded over the course of months, and the defendant never once expressed any hesitation. Indeed, the defendant expressed enthusiasm.

//
//
//

Government's Sentencing Memorandum - 6
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

In light of all of these circumstances, the Court should impose a sentence of 16 months, the same sentence imposed against Jonny Garza, whose role in the plot was comparable, and who also experienced a great number of difficulties while growing up.

Dated this 24th day of March, 2021.

                                          Respectfully submitted,

                                          TESSA M. GORMAN
                                          Acting United States Attorney

                                          *s/ Thomas M. Woods*
                                          THOMAS M. WOODS
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          700 Stewart Street, Suite 5220
                                          Seattle, Washington 98101-3903

Government's Sentencing Memorandum - 7
*United States v. Parker-Dipeppe*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970